United States Courts
Southern District of Texas
FILED
February 06, 2024
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. |
| TYLER LOUDON, | § § | **4:24-cr-57** |
| Defendant. | § | |

## INFORMATION

The United States Attorney charges:

1.  At times material to this Information:

    a.  Defendant TYLER LOUDON was a resident of Houston, Texas. LOUDON was married to Individual A, who was employed by Company A as an associate manager in mergers and acquisitions.

    b.  Company A was an oil and gas company headquartered overseas, with offices in Houston, Texas. Company A's stock traded on the NYSE stock exchange.

    c.  Company B was a full-service travel center operator company headquartered in the State of Ohio. Company B's stock traded on the NASDAQ stock exchange.

    d.  As part of her job duties at Company A, Individual A learned that Company A was planning to acquire Company B.

    e.  Company A had a written policy expressly forbidding employees from misusing or disclosing confidential information and from trading stock on the basis of material, nonpublic information learned as part of their job. Company A also advised employees who learned about the acquisition of Company B that this information was confidential and that they were not allowed to trade stock of Company A or Company B during the time period leading up to the acquisition.

  f.  As a result of this policy and request, Individual A owed Company A a duty of trust and confidence to maintain the confidentiality of material nonpublic information she learned as part of her job, and was prohibited from trading Company B stock based on that information.

  g.  LOUDON owed duties of confidence and trust to Individual A as her spouse. LOUDON knew that Individual A expected that LOUDON would maintain the confidentiality of any material nonpublic information LOUDON obtained from Individual A, and understood that he could not use or share any confidential information he obtained or learned from Individual A that had been entrusted to Individual A through her employment with Company A.

  2.  Beginning no later than December 27, 2022 and continuing through February 16, 2023, in the Southern District of Texas, Houston Division, and elsewhere,

## TYLER LOUDON,

defendant herein, intentionally and knowingly , by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, (a) willfully employed a device, scheme, and artifice to defraud; (b) willfully obtained money and property by means of untrue statements of material fact and omissions of material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) willfully engaged in a transaction, practice, and course of business, which operated as a fraud and deceit upon the purchaser, in violation of 15 U.S.C. §§ 77q(a) and 77x.

  3.  It was part of the scheme that LOUDON misappropriated for his own benefit certain material nonpublic information that he obtained from Individual A about Company A's acquisition of Company B as a result of her employment at Company A, in breach of the duties of trust and confidence LOUDON owed to Individual A. LOUDON, while in possession of this material

nonpublic information, purchased Company B's stock and as a result made illegal profits of approximately $1,763,522.

4. It was further part of the scheme that throughout the months of December 2022 and January and February 2023, before Company A and Company B publicly announced the acquisition, Individual A learned through her employment that Company A was in the process of acquiring Company B. This information was material and nonpublic. Individual A had a duty to Company A not to trade Company A and Company B stock while in possession of this information. By virtue of their marriage, this duty of confidentiality and trust extended from Individual A to LOUDON.

5. It was further part of the scheme that throughout the months of December 2022 and January and February 2023, LOUDON, in breach of his duty to Individual A conducted securities transactions that he designed to be profitable if the price of Company B stock increased. On February 16, 2023, after the public announcement of the acquisition of Company B by Company A, the value of Company B's stock increased.

6. It was further part of the scheme that, after the price of Company B's stock increased on and after February 16, 2023, LOUDON sold the Company B stock that he had purchased in December 2022 and January and February 2023, and made a profit of approximately $1,763,522.

7. It was further part of the scheme that LOUDON misrepresented, concealed, and hid, and caused to misrepresented, concealed, and hidden, the true purpose of the acts done in furtherance of the scheme.

8. On or about December 27, 2022 through February 16, 2023, in the Southern District of Texas, Houston Division, and elsewhere,

**TYLER LOUDON**

defendant herein, intentionally and knowingly, in connection with the purchase and sale of a security, willfully used and caused the use of a means and instrumentality of interstate commerce, namely, the internet, to enter an order to purchase 46,450 shares of Company B stock;

In violation of Title 15, United States Code, Sections 77q(a) and 77x.

**NOTICE OF CRIMINAL FORFEITURE**
28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), the United States gives notice to the defendant,

**TYLER LOUDON,**

that in the event of conviction of the offense in violation of Title 15, United States Code, Sections 77q(a) and 77x, as set forth in this information, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the offense.

Money Judgment and Substitute Assets

The United States intends to seek the imposition of a money judgment against the defendant. In the event that a condition listed in 21 U.S.C. § 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture.

ALAMDAR S. HAMDANI
United States Attorney


*Karen Lansden*
Karen M. Lansden
Assistant United States Attorney